FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL C. VILLALOBOS,<br><br>Defendant. | No. 2:13-CR-00124-TOR-4<br><br>ORDER FOLLOWING DETENTION HEARING ON SUPERVISED RELEASE VIOLATION PETITION AND DENYING UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 361)** |

On August 28, 2024, the Court held a detention hearing for Defendant DANIEL C. VILLALOBOS based on a petition for action, post-conviction, filed August 8, 2024, ECF No. 357, alleging Violation Nos. 3-4. Defendant appeared while in custody represented by Assistant Federal Defender Molly Winston. Assistant U.S. Attorney Earl Hicks represented the United States. U.S. Probation Officer Jon Bot was also present.

Defendant, through counsel, made factual proffers and argued there are additional conditions of release the Court could impose pending the revocation hearing that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant noted he has re-engaged in outpatient treatment and his substance abuse testing requirements have been increased.

ORDER - 1

The United States argued there are no conditions the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government emphasized Defendant's criminal history.

U.S. Probation Officer Jonathan Bot addressed the Court and advised that U.S. Probation is of the opinion that Defendant is currently supervisable on release.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Pursuant to the Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Defendant bears the burden of establishing by clear and convincing evidence that Defendant is not a risk of flight or a danger to any other person or the community. *Id.; see also* 18 U.S.C. § 3143(a).

The Court considered the arguments and proffers of counsel, as well as the pending petition for action, post-conviction, and the record in this case. The Court further considered the nature and circumstances of the supervised release violations alleged against Defendant, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, Defendant's supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release. The Court finds, for the reasons stated during the hearing, that Defendant has established by clear and convincing evidence that he does not pose a risk of nonappearance and that he does not pose a danger to the community if released

ORDER - 2

pending the revocation hearing given the imposition of the additional conditions of release set forth below. *See* Fed. R. Crim. P. 32.1(a)(6); 46(d); 18 U.S.C. 3143(a).

    **IT IS SO ORDERED:**

    1.    United States Motion for Detention, **ECF No. 361, is DENIED**.

    2.    Defendant is released on the previously imposed conditions of supervised release pending the revocation hearing. Said conditions are further expressly reimposed under 18 U.S.C. § 3142(c), pursuant to this Court's authority to grant pre-revocation hearing release under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). The Court also imposes the following additional conditions pursuant to the same authority:

> Defendant shall participate in one or more of the following home confinement program(s):
>
> **GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.
>
> **Home detention**: Defendant shall be restricted to Defendant's approved residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to lawful employment, religious services, medical necessities, substance abuse testing or treatment, or mental health treatment.

    3.    **Defendant shall report to United States Probation by 9:00 a.m. on August 29, 2024, to obtain GPS equipment.**

ORDER - 3

4. A supervised release revocation hearing remains set before Judge Rice on September 25, 2024, at 9:30 a.m. in Spokane Courtroom 902.

**IT IS SO ORDERED.**

DATED September 3, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4